1  SEYFARTH SHAW LLP
   Jay W. Connolly (SBN 114725)
2  jconnolly@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone:   (415) 397-2823
4  Facsimile:    (415) 397-8549

5  SEYFARTH SHAW LLP
   Aaron Belzer (SBN 238901)
6  abelzer@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067
   Telephone:   (310) 277-7200
8  Facsimile:    (310) 201-5219

9  Attorneys for Defendant
   NEOPETS, INC.

10

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13

14
   KYLE JOHNSON, individually and on          Case No. 2:15-cv-08395-DMG-PLA
15 behalf of all others similarly situated,
                                               **DEFENDANT NEOPETS, INC.'S**
16                Plaintiff,                    **NOTICE OF MOTION AND**
                                               **MOTION TO DISMISS FOR LACK**
17       v.                                    **OF SUBJECT MATTER**
                                               **JURISDICTION OR, IN THE**
18 NEOPETS, INC., a Delaware corporation;      **ALTERNATIVE, SET ASIDE**
   and DOES 1 - 10, inclusive,,                **ENTRY OF DEFAULT;**
19                                             **MEMORANDUM OF POINTS AND**
                  Defendants.                  **AUTHORITIES IN SUPPORT**
20                                             **THEREOF**

21                                             [**FED. R. CIV. P. 12(b)(1), 12(h)(3);**
                                               **FED. R. CIV. P. 55(c)**]
22
                                               Date:      April 22, 2016
23                                             Time:      9:30 a.m.
                                               Crtrm:     7
24                                             Judge:     Hon. Dolly M. Gee

25

26

27

28

**TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 22, 2016, at 9:30 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, Defendant NeoPets, Inc. will and hereby does move the Court under Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction.  In the alternative, Defendant will and hereby does move the Court under Rule 55(c) of the Federal Rules of Civil Procedure to set aside the default entered by the Clerk on December 14, 2015.

This motion is brought on the following grounds: This Court lacks subject matter jurisdiction because this action does not meet the minimum diversity or amount in controversy requirements for the Court's exercise of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  Moreover, CAFA's home-state and local-controversy exceptions also preclude diversity jurisdiction under CAFA.  In the alternative, good cause exists to set aside the Clerk's entry of default because NeoPets' failure to respond was excusable, not willful or culpable; NeoPets has a good and meritorious defense to the claims for relief alleged; and Plaintiff would not be prejudiced

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the declarations of James Czulewicz and Teresa Tersol-Wiseman, and upon such other matters as may be presented to the Court at the time of the hearing.  This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 2, 2016.

DATED: March 8, 2016                     SEYFARTH SHAW LLP


                                         By:   /s/ Jay W. Connolly
                                               Jay W. Connolly
                                               Aaron Belzer

                                         Attorneys for Defendant
                                         NEOPETS, INC.

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................... 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ........................... 2

        A.      NeoPets' Change In Ownership and Principal Place of Business ................. 2

        B.      Plaintiff's Lawsuit and Entry of Default. ...................................... 3

        C.      NeoPets' Lack of Notice of The Lawsuit. ....................................... 4

III.    ARGUMENT .............................................................................................. 6

        A.      This Court Must Set Aside The Entry of Default and Dismiss
                Plaintiff's Complaint Because The Court Lacks Subject Matter
                Jurisdiction Under CAFA ................................................................ 6

                1.      There is No Minimal Diversity Supporting CAFA Jurisdiction ........... 8

                2.      The Amount In Controversy Does Not Meet CAFA's Statutory
                        Minimum. .................................................................. 10

                3.      The Court Must Decline Jurisdiction Under the Home-State and
                        Local Controversy Exceptions to CAFA Jurisdiction. ................... 13

        B.      Even if This Court Has Subject Matter Jurisdiction, Good Cause
                Exists To Set Aside The Entry of Default ......................................... 14

IV.     CONCLUSION ......................................................................................... 16

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Assoc. Gen'l Contractors of Calif., Inc. v. Calif. State Council of Carpenters*
  459 U.S. 519 (1983)..................................................................................9

*Avitts v. Amoco Prod. Co.*
  53 F.3d 690 (5th Cir. 1995) ......................................................................7

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*
  465 F.2d 489 (9th Cir. 1972) ....................................................................9

*Bateman v. United States Postal Service*
  231 F.3d 1220 (9th Cir. 2000) ................................................................16

*Bautista v. Pan Am. World Airlines, Inc.*
  828 F.2d 546 (9th Cir.1987) .....................................................................8

*Brady v. United States*
  211 F.3d 499 (9th Cir. 2000) ..................................................................14

*Dennis Garberg & Assocs., Inc. v. Pack--Tech Int'l Corp.*
  115 F.3d 767 (10th Cir. 1997) ................................................................14

*Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*
  375 F.3d 922 (9th Cir. 2004) ..................................................................14

*Galt G/S v. JSS Scandinavia*
  142 F.3d 1150 (9th Cir. 1998) ................................................................12

*Grupo Dataflux v. Atlas Global Group, LP*
  541 U.S. 567 (2004) ..................................................................................8

*Henderson ex rel. Henderson v. Shinseki*
  562 U.S. 428 (2011)...................................................................................6

*Lacy v. Sitel Corp.*
  227 F.3d 290 (5th Cir. 2000) ..................................................................15

*Laughlin v. Kmart Corp.*
  50 F.3d 871 (10th Cir. 1995) ....................................................................7

ii

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

*Lew v. Moss*
    797 F.2d 747 (9th Cir. 1986) ........................................................8

*Lewis v. Lewis*
    358 F.2d 495 (9th Cir. 1996) ........................................................8

*Madsen v. Bumb*
    419 F.2d 4 (9th Cir. 1969) ..........................................................14

*Marroquin v. Wells Fargo*
    LLC, 2011 WL 476540 (S.D.Cal., Feb. 3, 2011) ...........................10

*McNutt v. General Motors Acceptance Corp. of Ind., Inc.*
    298 U.S. 178 (1936) ....................................................................8

*Noll v. eBay Inc.*
    2013 WL 2384250 (N.D. Cal., May 30, 2013)................................9

*Park v. Webloyalty.com, Inc.*
    2013 WL 4711159 (S.D. Cal., Aug. 30, 2013)...............................9

*Rath Packing Co. v. Becker*
    530 F.2d 1295 (9th Cir. 1975), *aff'd sub nom. Jones v. Rath Packing Co.*, 430
    U.S. 519 (1977)...........................................................................7

*Rosales v. United States*
    824 F.2d 799 (9th Cir. 1987) .......................................................6

*Ruby v. State Farm Gen. Ins. Co.*
    2010 WL 3069333 (N.D. Cal. Aug.4, 2010) ................................12

*Schwab v. Bullock's Inc.*
    508 F.2d 353 (9th Cir. 1974) ...............................................14, 15

*State Farm Mut. Auto. Ins. Co. v. Dyer*
    19 F.3d 514 (10th Cir. 1994) ......................................................10

*TCI Group Life Ins. Plan, Life Ins. Co. of North America v. Knoebber*
    244 F.3d 691 (9th Cir. 2001) ......................................................15

*Valdez v. Asset Acceptance, LLC*
    2012 WL 2905715 (S.D. Cal., July 16, 2012) ................................9

iii

*Warner v. Tinder Inc.*
   105 F. Supp. 3d 1083, 1097 (C.D. Cal. 2015) ..............................9, 10

*Watts v. Pinckney*
   752 F.2d 406 (9th Cir. 1985) ........................................................8

*Williams v. Life Sav. & Loan*
   802 F.2d 1200 (10th Cir. 1986) ..................................................16

**CALIFORNIA CASES**

*Bank of the West v. Superior Court*
   2 Cal. 4th 1254 (1992) ...............................................................10

*Sullivan v. Oracle Corp.*
   51 Cal. 4th 1191 (2011) .............................................................10

**FEDERAL STATUTES**

28 U.S.C. § 1332(c)(1) ......................................................................9

28 U.S.C. § 1332(d)(2) .................................................................8, 10

28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) ...........................................7

28 U.S.C. § 1332(d)(4) .....................................................................7

28 U.S.C. § 1332(d)(4)(A) ..............................................................13

28 U.S.C. § 1332(d)(4)(B) ..............................................................13

Class Action Fairness Act of 2005 ("CAFA") ..............................passim

**CALIFORNIA STATUTES**

CAL. BUS. & PROF. CODE § 17203, 17603, 17604 ...........................10

Cal. Bus. & Prof. Code §§ 17203, 17604 ........................................12

Cal. Bus. & Prof. Code § 17208 ......................................................11

Cal. Bus. & Prof. Code §§ 17600-17604 ("APRS") ...........................3

CAL. BUS. & PROF. CODE § 17602(a) ................................................9

Cal. Bus. & Prof. Code § 17603 ......................................................11

iv

Cal. Civ. Proc. Code § 338(a) ..................................................................11

Cal. Civ. Proc. Code § 1021 ....................................................................12

Cal. Civ. Proc. Code § 1021.5 .................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(1) ...............................................................................8

Fed. R. Civ. P. 12(h)(3) ...............................................................2, 7, 8, 16

Fed. R. Civ. P. 55(c) .....................................................................2, 14, 16

Fed. R. Civ. P. 60(b) ...............................................................................14

v

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

This Court should set aside the default entered by the Clerk on December 14, 2015 against Defendant NeoPets, Inc. ("NeoPets"), and dismiss the action filed by Plaintiff Kyle Johnson in its entirety for lack of subject matter jurisdiction.

Plaintiff invokes federal diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). CAFA vests this court with original jurisdiction of any civil action in which there is, among other things, "minimal diversity," and the combined claims of all class members exceed $5 million exclusive of interest and costs. Plaintiff, however, has not alleged facts sufficient to establish that minimal diversity exists; his conclusory allegation that some members of the class are citizens of different states than NeoPets is insufficient. Even so, this action does satisfy CAFA's minimal diversity requirement because NeoPets is a California citizen and only California citizens may recover under Plaintiff's alleged claims—i.e., Plaintiff cannot establish that any class member is a citizen of a different state than NeoPets.

The amount in controversy in this action also does not meet CAFA's statutory minimum. Damages are not recoverable under Plaintiff's claims. As a result, Plaintiff's monetary recovery is limited to restitution of the alleged fees paid by NeoPets' California subscribers during the applicable limitations period. Based on the number of California subscribers and NeoPets's total revenues for the applicable period, the amount in controversy is far less than CAFA's statutory minimum. And, while it is proper to consider the value of an injunction to defendant in calculating the amount in controversy under CAFA, Plaintiff fails to state what the value of the injunction he seeks in this case might be and there is no theory under which that value could approach $5,000,000.

Even if this action satisfied CAFA's minimal diversity and amount in controversy requirements, because the vast majority of class members are presumptively California citizens, and because NeoPets—the only named defendant—is also a California citizen,

1

1    this Court must decline jurisdiction under CAFA's home-state and local-controversy

2    exceptions.  In sum, because this Court lacks subject matter jurisdiction over this action,

3    it must set aside the default entered against NeoPets and dismiss the action.

4         In the alternative, the Court should set aside the entry of default against NeoPets

5    because NeoPets' failure to respond to Plaintiff's complaint was not the result of any

6    devious, deliberate, willful or bad faith conduct, NeoPets has a good and meritorious

7    defense to Plaintiff's claims, and Plaintiff would not be prejudiced by the Court setting

8    aside the entry of default.

9         For these reasons, as more fully set forth below, NeoPets respectfully requests this

10   Court set aside the entry of default and dismiss Plaintiff's action for lack of subject

11   matter jurisdiction under Fed. R. Civ. P. 12(h)(3).  Or, in the alternative, NeoPets

12   respectfully requests this Court set aside the default entered by the Clerk on December

13   14, 2015 under Fed. R. Civ. P. 55(c).

14   **II.    RELEVANT FACTS AND PROCEDURAL HISTORY**

15        **A.    NeoPets' Change In Ownership and Principal Place of Business**

16        NeoPets operates a "virtual pet website," where subscribers create accounts, own

17   virtual pets, and buy virtual items for them.  [Czulewicz Decl., ¶ 2].  In June 2005,

18   Viacom International, Inc. ("Viacom") purchased NeoPets and became its sole

19   stockholder.  [*Id.*, ¶ 3].  Viacom's principal place of business is located at 1515

20   Broadway, New York, New York.  [*See* Case No. 4:16-cv-00257, filed in Southern

21   District of Texas, Dkt. 1, ¶ 1 ("Viacom's principal place of business is 1515 Broadway,

22   New York, NY 10036")].  Viacom, and/or its affiliates, also maintain offices at 450

23   North Brand Blvd., Glendale, California.  [*See* Czulewicz Decl., ¶ 3].

24        On or about February 15, 2014, Knowledge Holdings, Inc. ("Knowledge

25   Holdings") purchased, through a wholly owned subsidiary, all of Viacom's shares in

26   NeoPets.  [Czulewicz Decl., ¶ 3].  NeoPets is a business unit of Knowledge Adventure,

27   Inc. ("Knowledge Adventure"), a subsidiary of Knowledge Holdings headquartered in

28

2

Torrance, California.   [Czulewicz Decl., ¶ 4].  Knowledge Adventure  subsequently was renamed Jumpstart Games, Inc. ("JumpStart").  [*Id.*].  After the acquisition, Knowledge Holdings moved NeoPets' offices and principal place of business from New York to Knowledge Adventure/JumpStart's headquarters at 2377 Crenshaw Blvd., Suite 302, Torrance, California.  [*Id.*].  And in July 2015, NeoPets and Knowledge Adventure/JumpStart moved their offices and principal place of business from their Crenshaw Boulevard location to 21250 Hawthorne Blvd. Suite 380, Torrance, California.  [*Id.*].   Neither NeoPets, Knowledge Adventure, JumpStart, nor Knowledge Holdings has any other offices or locations in the United States.  [*Id.*].

### B.   Plaintiff's Lawsuit and Entry of Default.

On October 27, 2015, Plaintiff filed a putative class action complaint against NeoPets, alleging violations of California's Automatic Purchase Renewal Services Law, Cal. Bus. & Prof. Code §§ 17600-17604 ("APRS"), and violations of California's Unfair Competition Law, *Id.* §§ 17200-17204 ("UCL"), based on NeoPets' alleged violation of the APRS.  [Dkt. 1].

According to the proof of service filed by Plaintiff, on October 28, 2015, a process server personally served the summons and complaint on CSC Lawyers Incorporating Service ("CSC"), NeoPets' registered agent for service of process.  [*See* Dkt. 10].

On December 9, 2015, Plaintiff requested the Clerk enter default of NeoPets based on NeoPets' failure to appear or otherwise timely respond to the Complaint.  [Dkt. 11]. Plaintiff served a copy of the request for entry of default on CSC.  [*Id.*].  The Clerk entered NeoPets' default on December 14, 2015, [Dkt. 12], and on December 15, 2015, the Court ordered Plaintiff to move for default judgment within 30 days of the order.  [Dkt. 13].

On January 11, 2016, Plaintiff filed an Application for relief from the deadline to move for default judgment based on the deadline to move for class certification.  [Dkt. 14].  Plaintiff served a copy of the Application on CSC .  [*Id.*]  The Court granted Plaintiff's Application on January 14, 2016, and continued Plaintiff's deadline to move

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

for default judgment until 30 days after the Court ruled on Plaintiff's intended motion for class certification.  [Dkt. 16].

On January 14, 2016, Plaintiff filed a motion for class certification.  [Dkt. 15].  The motion defined the proposed class as:

> All persons in California that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by [California Business & Professions Code] § 17601(a) from NeoPets, Inc., its predecessors, or its affiliates.

[*Id.*].  And on February 5, 2016, Plaintiff filed a Notice of Non-Opposition to his Motion for Class Certification.  [Dkt. 17].  Plaintiff served copies of both the motion and the notice of non-opposition on CSC.  [*See* Dkts. 15, 17].  The Court granted Plaintiff's Motion for Class Certification on February 22, 2016.  [Dkt. 19].

### C.    NeoPets' Lack of Notice of The Lawsuit.

NeoPets did not receive, and has not at any time received, copies of the summons or complaint from CSC, and has no record of what CSC did upon their receipt. [Czulewicz Decl., ¶ 5].   Rather, NeoPets first became aware of Plaintiff's lawsuit on January 14, 2016, when it received a Fed-Ex package from CSC containing Plaintiff's Application for Relief from the Default Judgment Deadline.  [Tersol-Wiseman Decl., ¶ 3, Ex. A].    Upon its receipt, NeoPets' Accounting Manager, Miguel Diaz, forwarded the documents to NeoPets' former in-house counsel, Teresa Tersol-Wiseman.  [*Id.*, Ex. A].

Ms. Tersol-Wiseman had served as general counsel for Knowledge Adventure until June 6, 2015 when the company terminated her position as part of a reduction in force. [Tersol-Wiseman Decl., ¶ 2].  Upon her termination, the company's former Chief Financial Officer, Scott Brogi, took over the management and administration of the company's business and legal affairs.  Ms. Tersol-Wiseman, however, returned on September 21, 2015 on a contract and hourly basis to provide legal services as requested. [Tersol-Wiseman Decl., ¶ 2].

1    Because Ms. Tersol-Wiseman was working on a contract and hourly basis, she

2    mistakenly assumed that NeoPets had previously been served with the summons and

3    complaint and that it had retained outside counsel to handle the matter.  [Tersol-Wiseman

4    Decl., ¶ 4).  Accordingly, she simply forwarded the documents to NeoPets' CEO, David

5    Lord, and its Chief Revenue Officer, James Czulewics, stating that the documents should

6    be forwarded to outside counsel.  [*Id.*].

7    Neither Mr. Lord nor Mr. Czulewics were familiar with Plaintiff's lawsuit because

8    NeoPets had not received the summons or complaint (or, indeed, any other document

9    served in the lawsuit).  As a result, both failed to realize the significance of the

10   documents they had received, and took no action until after they received additional

11   documents concerning the lawsuit from Viacom.  [Czulewics Decl., ¶ 5].

12   Specifically, **on February 10, 2016,** Mitchell Kamarck, Vice President Business

13   and Legal Affairs for Nickelodeon Games—a Viacom brand—forwarded to NeoPets

14   copies of the following filings that had been received at **Viacom's** offices in Glendale,

15   California: (1) Plaintiff's Request for Entry of Default; (2) Plaintiff's Motion for Class

16   Certification; and (3) Plaintiff's Notice of Non-Opposition to the Motion for Class

17   Certification.  [Czulewicz Decl., ¶ 6, Exs. A, B, C].

18   After receiving these documents from Viacom, NeoPets realized that it had not

19   notified CSC of its most recent change of address.[1]  [Czulewicz Decl., ¶ 7].  While

20   NeoPets had informed CSC on February 17, 2015 that its billing and physical address had

21   changed to 2377 Crenshaw Blvd., Ste. 302, Torrance, California, [Tersol-Wiseman Decl.,

22   ¶ 6, Ex. B], NeoPets inadvertently failed to notify CSC of its subsequent change in

23   address to 21250 Hawthorne Blvd. Suite 380, Torrance, California.  [Czulewicz Decl., ¶

24

_____

25   [1] Although CSC had addressed Plaintiffs' Application for Relief from the Default

26   Judgment Deadline to NeoPets' former offices on Crenshaw Boulevard, because Fed-Ex

27   automatically delivered the documents to NeoPets' current address, NeoPets did not

     realize at that time that CSC had addressed them to its former address.  [*See* Tersol-

28   Wiseman Decl., ¶ 5; Czulewicz Decl., ¶¶ 5-7].

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

7]. NeoPets did, however, file a change of address form with the United States Post Office, and update the address on its account with Fed-Ex. [Czulewicz Decl., ¶ 7].

Even so, according to CSC's Notice of Service of Process that accompanied each of these documents, CSC **did not** send the documents to NeoPets' former offices. Rather, the Notices indicate that CSC processed the Request for Entry of Default Judgment and Plaintiff's Motion for Class Certification on January 28, 2016—over a month after the Clerk's entry of default judgment—and sent the documents via Fed-Ex to **Viacom's** office in Glendale, California, rather than to NeoPets' former offices in Torrance, California. [*See* Czulewicz Decl., ¶ 6, Exs. B, C]. CSC's Notice of Service of Process accompanying the Notice of Non-Opposition similarly reflects that CSC processed that document on February 8, 2016, and that it sent the document via Fed-Ex to **Viacom** rather than to NeoPets' former offices. [*See Id.*, Ex. A].

NeoPets has no knowledge or information as to why CSC sent these documents to Viacom rather than to NeoPets' former offices on Crenshaw Boulevard, particularly as CSC had previously sent Plaintiff's Application for Relief from the Default Judgment Deadline to its Crenshaw Boulevard address, and which Fed-Ex had delivered to NeoPets' current offices. [Czulewicz Decl., ¶ 8]. NeoPets is not aware of any instance in which CSC contacted NeoPets to notify it that a package sent to it by CSC had been returned as non-deliverable or as incorrectly addressed. [*Id.*].

NeoPets retained Seyfarth Shaw LLP to handle this matter on February 23, 2016. [Czulewicz Decl., ¶ 9].

## III. ARGUMENT

### A. This Court Must Set Aside The Entry of Default and Dismiss Plaintiff's Complaint Because The Court Lacks Subject Matter Jurisdiction Under CAFA.

A party may raise a court's lack of subject matter jurisdiction at any time.[2] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (objections to

---

[2] Even if the litigants do not identify a potential problem in that respect, it is the duty of the court--at any level of the proceedings--to address the issue *sua sponte* whenever it is

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

1   subject-matter jurisdiction may be raised at any time); *Rath Packing Co. v. Becker*, 530

2   F.2d 1295, 1303 (9th Cir. 1975), *aff'd sub nom. Jones v. Rath Packing Co.*, 430 U.S. 519

3   (1977). Indeed, because lack of subject matter jurisdiction challenges the court's

4   statutory or constitutional power to adjudicate the case, it may not be waived. *See* Fed.

5   R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

6   jurisdiction, the court must dismiss the action"); *Laughlin v. Kmart Corp.*, 50 F.3d 871,

7   873-874 (10th Cir. 1995) (subject matter jurisdiction concerns lack of judicial power to

8   decide controversy and may not be conferred or waived even by express consent); *Avitts*

9   *v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) ("Subject matter jurisdiction may

10  not be waived, and the district court 'shall dismiss the action' whenever 'it appears by

11  suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

12  matter'") (citations omitted).

13      Plaintiff invokes the Court's diversity jurisdiction under the Class Action Fairness

14  Act of 2005 ("CAFA"). [Dkt. 1, ¶ 4]. CAFA vests this court with original jurisdiction of

15  any civil action in which there is, among other things, "minimal diversity"—i.e., any

16  class member is a citizen of a different state than any defendant—and the combined

17  claims of all class members exceed $5 million exclusive of interest and costs. 28 U.S.C.

18  §§ 1332(d)(2), 1332(d)(5)(B). Although CAFA expands federal diversity jurisdiction

19  over class actions, it also limits this jurisdiction with respect to classes composed largely

20  of citizens of the forum state. Specifically, CAFA establishes two situations in which the

21  district court **must** decline jurisdiction: the home-state exception, and the local

22  controversy exception. 28 U.S.C. § 1332(d)(4).

23      Because, as set forth more fully below, minimal diversity does not exist in this

24  action, the amount in controversy does not meet CAFA's statutory minimum, and

25

26

27  perceived. *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987) (citing Fed. R.
    Civ. P. 12(h)(3)).

28

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

1  CAFA's home-state and local controversy exceptions apply, this Court lacks subject
2  matter jurisdiction over this controversy.
3      NeoPets, therefore, respectfully requests this Court set aside the entry of default as
4  void, *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985)(default judgment void if court
5  lacks subject matter jurisdiction), and dismiss this action for lack of subject matter
6  jurisdiction under Fed. R. Civ. P. 12(h)(3).

### 1.    There is No Minimal Diversity Supporting CAFA Jurisdiction.

7
8      CAFA permits the district court to exercise federal jurisdiction over a multistate
9  class action where any member of a class of plaintiffs is a citizen of a state different from
10  defendant.  28 U.S.C. § 1332(d)(2).  Plaintiff bears the burden of alleging and proving that
11  minimal diversity existed at the time he filed his complaint; diversity before the complaint
12  is filed is immaterial.  Fed. R. Civ. P. 8(a)(1) (requiring complaint to include "a short and
13  plain statement of the grounds for the court's jurisdiction"); *Grupo Dataflux v. Atlas
14  Global Group, LP*, 541 U.S. 567, 571 (2004) (jurisdiction depends on diversity of
15  citizenship at time of filing); *Lewis v. Lewis*, 358 F.2d 495, 501 (9th Cir. 1996) (same); *see
16  also McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189
17  (1936)(burden of proving all jurisdiction facts is on the party invoking jurisdiction); *Lew v.
18  Moss*, 797 F.2d 747, 751 (9th Cir. 1986)(same).  Here, Plaintiff fails to meet his burden.
19      First, Plaintiff has not alleged facts sufficient to establish that diversity exists.
20  While Plaintiff pleads the conclusion that the action "is a class action in which some
21  members of the class are citizens of different states than Defendant," [Dkt. 1, ¶ 4],
22  Plaintiff does not allege any plaintiffs' citizenship, ***including his own***.  [*See generally*
23  Dkt. 1 (no allegations of Plaintiff's citizenship)]; *Bautista v. Pan Am. World Airlines,
24  Inc.*, 828 F.2d 546, 551 (9th Cir.1987) (In diversity cases, the complaint must
25  affirmatively allege the state of citizenship of each party).  Merely pleading the
26
27
28

8

conclusion that the parties are citizens of different states is insufficient.[3]  *Park v. Webloyalty.com, Inc.*, 2013 WL 4711159, at *1  (S.D. Cal., Aug. 30, 2013); *Valdez v. Asset Acceptance, LLC*, 2012 WL 2905715, at *2 (S.D. Cal., July 16, 2012) (pleading that class certification would "result in at least one class member belonging to a different state than that of Defendant[ ]" was insufficient to satisfy pleading requirements).

Second, Plaintiff cannot carry its burden of demonstrating that any member of Plaintiff's class is a citizen of a state different from NeoPets.  Contrary to Plaintiff's allegation, at the time Plaintiff filed his complaint, NeoPets was a citizen of California. Indeed, its sole and principal place of business at the time of filing was in California. [*See* Czulewicz Decl., ¶ 4]; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated **and** of the State or foreign state where it has its principal place of business …") (emphasis added); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972) (Corporations incorporated in one state, and having their principal places of business in another, are citizens of both states).

And while Plaintiff does not allege the citizenship of any plaintiff, California's Automatic Purchase Renewal Statute—the sole basis for Plaintiff's claims—expressly limits recovery to California citizens.  CAL. BUS. & PROF. CODE § 17602(a) (providing that it "shall be unlawful for any business making an automatic renewal or continuous service offer ***to a consumer in this state***" to engage in certain conduct) (emphasis added); *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1097 (C.D. Cal. 2015) (claim alleging violations of Automatic Purchase Renewal statute dismissed where consumer resident of Florida and recovery under statute limited to California citizens); *Noll v. eBay Inc.*, 2013 WL 2384250, at *6  (N.D. Cal., May 30, 2013) (dismissing non-California

---

[3] Even if Plaintiff could amend its complaint to allege diversity, it is for him to do so and not the Court.  *See Assoc. Gen'l Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not ... proper to assume [the plaintiff] can prove facts that it has not alleged ....").

1   plaintiff's claim under Automatic Purchase Renewal Statute because statute limits

2   recovery to California citizens).[4]

3          Moreover, Plaintiff's allegations that some members of the class are citizens of

4   different states than NeoPets is undercut by the limitation of the plaintiff class to "persons

5   in California."  [Dkt. 15, at 7; Dkt. 19, at 12]; *see State Farm Mut. Auto. Ins. Co. v. Dyer*,

6   19 F.3d 514, 520 (10th Cir. 1994) (state of residency is *prima facie* the state of an

7   individual's citizenship); *Marroquin v. Wells Fargo*, LLC, 2011 WL 476540, at *2

8   (S.D.Cal., Feb. 3, 2011) (allegation that at least one class member would be diverse from

9   defendant was undercut by limitation of class to California residents).

10          In sum, Plaintiff's failure to plead facts establishing minimal diversity requires that

11   the Court dismiss the complaint on that basis alone.  But, even then, because NeoPets is a

12   citizen of California and recovery is limited to California citizens, Plaintiff cannot

13   establish the minimal diversity under CAFA as a matter of law.

14                    **2.     The Amount In Controversy Does Not Meet CAFA's**
                              **Statutory Minimum.**

15          Provided Plaintiff can satisfy CAFA's minimal diversity requirements—which he

16   cannot—Plaintiff cannot establish the aggregate claims of all class member exceed the

17   sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

18          While Plaintiff prays for an award of damages, damages are not available under the

19   APRS or the UCL; rather, Plaintiff's remedies are limited to restitution and injunctive

20   relief.  CAL. BUS. & PROF. CODE § 17203, 17603, 17604; *See Bank of the West v.*

21   *Superior Court*, 2 Cal. 4th 1254, 1266 (1992) (damages not available under section

---

[4] Plaintiff's inclusion of a UCL claim does not remedy the absence of minimal diversity.
"Neither the language of the UCL nor its legislative history provides any basis for
concluding the Legislature intended the UCL to operate extraterritorially."  *Sullivan v.
Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (concluding that the strong presumption
against the extra-territorial application of California law "applies to the UCL in full
force."); *see also  Warner*, 105 F. Supp. 3d at 1096 ("California does not permit
extraterritorial application of [the UCL]").

17203); California Bill Analysis, S.B. 340 Sen., 4/14/2009 (explaining that violation of APRS not a crime, and remedies limited to injunctive relief and/or restitution).

Even so, Plaintiff predicates his claim for monetary relief on his contention that as a result of NeoPets' alleged violations of the APRS, the "goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603."  [Dkt. 1, ¶¶ 2, 17, 24, 29(v)].  Plaintiff thus claims that he and the proposed class members' are entitled to restitution of their subscription fees.  [*See* Dkt. 1, ¶ 29(v), (vi); *see also* Payer, ¶¶ F, G].

Most NeoPets subscribers do not purchase the automatically renewing premium memberships; instead, most create free accounts and purchase items individually. [Czulewicz Decl., ¶ 2].  During the four-year maximum applicable limitations period on Plaintiff's claim,[5] there have been a total of approximately 2,900 subscribers in California who have purchased and paid for an automatically renewing premium membership plan.  [*Id.*]  But, most of these premium subscribers did not maintain or have not maintained the premium membership over the entire limitations period; indeed, there are currently approximately 653 NeoPets subscribers in California that have purchased and pay for the automatically renewing premium memberships.  [*Id.*]  NeoPets does not currently have the exact amounts paid by each of the 2,900 California subscribers during the applicable limitations period, but the average revenue that NeoPets' premium subscribers generate over the course of the member's lifetime—the lifetime value—is $48.  [*Id.*]  Thus, the total amounts paid by the 2,900 premium subscribers in California over the *lifetime* of their memberships (not just during the applicable limitations period) is approximately $139,200.  [*Id.*]  And even assuming that every California premium subscriber had signed up for the monthly premium membership (the most expensive

---

[5] *See* Cal. Civ. Proc. Code § 338(a) (three year statute of limitations for "an action upon a liability created by statute, other than a penalty or forfeiture); Cal. Bus. & Prof. Code § 17208 (four year statute of limitations under UCL).

11

1   membership plan) and paid for that membership during the entire four year limitations

2   period—which is not the case—the amount in controversy would not exceed $1.11

3   million.[6] Put simply, under no circumstance would the aggregate amount in controversy

4   exceed CAFA's $5,000,000.00 statutory minimum.

5          Plaintiff's request for attorney fees under Cal. Civ. Proc. Code § 1021.5 is irrelevant;

6   because neither the APRS nor the UCL authorize the recovery of attorney fees, Plaintiff's

7   request for attorney fees cannot be included in the jurisdictional amount.  *Galt G/S v. JSS*

8   *Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("when there is no direct legal

9   authority for an attorney's fee, a request for a fee cannot be included in ... the jurisdictional

10   amount"); *see* Cal. Civ. Proc. Code § 1021 (""[e]xcept as attorneys' fees are specifically

11   provided for by statute, the measure and mode of compensation … is generally left to the

12   agreement, express or implied, of the parties."); Cal. Bus. & Prof. Code §§ 17203, 17604

13   (neither APRS nor ULC expressly provide for recovery of attorney fees).

14          And, while it is proper to consider the value of an injunction to defendant in

15   calculating the amount in controversy under CAFA, Plaintiff fails to state what the value

16   of the injunction he seeks in this case might be. *See Ruby v. State Farm Gen. Ins. Co.*,

17   2010 WL 3069333, *4 & n. 4 (N.D. Cal. Aug.4, 2010) ("While defendant is correct that

18   ... costs to defendant of implementing an injunction may be considered in calculating the

19   amount in controversy, defendant has provided no basis for finding that these factors

20   would add up to an amount sufficient to bring this case over the $5,000,000 threshold,"

21   *citing In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) (the cost of injunctive

22   relief may be considered in calculating the amount in controversy under CAFA where

23   plaintiff's recovery is below jurisdictional threshold)).

24          Because Plaintiff is not entitled to bring a class action in federal court that does not

25   exceed the $5,000,000.00 threshold for CAFA jurisdiction, this Court must set aside the

26   entry of default, and dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

27

28   _____
[6] (($7.95 per month *x* 12 months) *x* 4 years) *x* 2,900 subscribers.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

### 3.   The Court Must Decline Jurisdiction Under the Home-State and Local Controversy Exceptions to CAFA Jurisdiction.

Even if this action met the minimal diversity and amount in controversy requirements under CAFA—and it does not—the Court must nonetheless decline to exercise jurisdiction based on CAFA's home-state controversy exception.  The exception provides:

> A district court shall decline to exercise jurisdiction under [§ 1332(d)(2) where] two-thirds or more of the members of all of the proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B).  Because Plaintiff and **all** class members are presumptively California citizens, and because NeoPets—the only named defendant—is also a California citizen, the home-state controversy exception precludes diversity jurisdiction under CAFA.

Likewise, because the proposed class members' "principal injuries" also necessarily resulted from NeoPets' alleged wrongful conduct in California, and no other class action has been filed against NeoPets in the last three years asserting the same or similar factual allegations on behalf of the same class of persons, [Czulewicz Decl., ¶ 10], this case also falls within CAFA's local controversy exception.  28 U.S.C. § 1332(d)(4)(A).[7]

---

[7] The local controversy exception applies when: (1) more than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (2) at least one defendant who is a citizen of the state in which the action was originally filed is also a defendant "from whom significant relief is sought" by members of the plaintiff class or classes and "whose alleged conduct forms a significant basis for the claims asserted" by the proposed plaintiff class or classes; (3) the members of the plaintiff class or classes incurred "principal injuries" resulting from the alleged conduct (or any related conduct) of each defendant in the state in which the action was originally filed; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  28 U.S.C. § 1332(d)(4)(A).

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

In other words, even if Plaintiff could establish minimal diversity and the requisite amount in controversy—which he cannot—the Court must decline jurisdiction under the home-state and local controversy exceptions to CAFA jurisdiction.

**B.    Even if This Court Has Subject Matter Jurisdiction, Good Cause Exists To Set Aside The Entry of Default.**

Federal Rule of Civil Procedure 55(c) permits the court to set aside entries of default upon a showing of good cause.  The district court's discretion in setting aside the default is "especially broad" where it is an entry of default, rather than a default judgment, that is being set aside.[8] *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000).  Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). "Good cause" is demonstrated when the entry of default was not the result of the willful or bad faith conduct of the defendant; defendant has a meritorious defense; and setting aside the default will not unfairly prejudice the other party.  *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969). These factors are "disjunctive" and the court may vacate an entry of default if any of them are satisfied. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004), *quoting Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

Good cause exists to set aside the Clerk's entry of default because NeoPets' failure to respond was not the result of any devious, deliberate, willful or bad faith conduct by NeoPets, NeoPets has a good and meritorious defense to Plaintiff's claims, and Plaintiff would not be prejudiced by the Court setting aside the entry of default.

**(a) NeoPets' Failure to Respond Was Not Willful Nor Culpable.**  A defendant's conduct is culpable for purposes of a good cause determination, "where there is no

---

[8] "[T]he good cause required by Fed. R. Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack--Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).

14

explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group Life Ins. Plan, Life Ins. Co. of North America v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001). "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 697(emphasis in original) (quoting *Alan Newman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Here, NeoPets did not engage in any culpable conduct. [9]  NeoPets did not receive service of process, and did not have actual or constructive notice of this lawsuit until long after the Court entered its default. Indeed, CSC's apparent confusion as to where to forward service of process raises doubt sufficient to justify the Court exercising its discretion to set aside the entry of default in favor of deciding the case on its merits. *See Schwab*, 508 F.2d at 355.  Moreover, while NeoPets did not understand the legal significance of Plaintiff's Application for Relief from the Default Judgment deadline—the first documents it received in this lawsuit—it acted promptly when it learned that its predecessor had received from CSC service of additional documents related to the lawsuit.  [*See* Czulewicz Decl., ¶¶ 5-9]

     **(b) Relief Would Not Prejudice Plaintiff.**  Plaintiff is not prejudiced by setting aside the default, because to do so would simply require Plaintiff to prove his case.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case").  And, Plaintiff would suffer no tangible harm from the minimal delay in the proceedings—indeed, no evidence has been lost or destroyed and there is no impact on Plaintiff's ability to eventually collect on any judgment.  *See TCI Group*, 244 F.2d at 701 (for delay to be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusions").  That

---

[9] NeoPets admits that there was a failure to notify CSC, its agent for service of process, of the company's change of address **within California**.  Such failure, however, was due to excusable neglect, mistake and/or inadvertence, and not due to any devious, deliberate, willful, or bad faith intent to avoid service of process.  [*See* Czulewicz Decl., ¶ 5-7]

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or Set Aside
Entry of Default Judgment; Case No. 2:15-CV-08395-DMG-PLA

Plaintiff may be denied the quick victory it has already achieved is not sufficient to deny relief from entry of default.  *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000).

**(c) NeoPets Has Meritorious Defenses.**   NeoPets also has meritorious defenses to Plaintiff's claims—not the least of which is that this Court lacks subject-matter jurisdiction.  *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-1203 (10th Cir. 1986) (lack of subject-matter jurisdiction constitutes good cause for setting aside an entry of default).  NeoPets also believes that at all relevant times, it has complied in good faith, with the provisions of the APRS.  [Czulewicz Decl., ¶ 10].  In addition, NeoPets believes that discovery in this matter will reveal that Plaintiff, as a class representative, may be subject to unique defenses that could not be asserted against other members of the class, or that Plaintiff is not an adequate class representative (e.g., whether Plaintiff knows enough about the claim to be an "adequate" representative, whether Plaintiff's claim is antagonistic to the class, or whether the are other possible grounds to challenge Plaintiff's adequacy as a class representative).

Because good cause exists to set aside the entry of default, this Court should grant NeoPets' motion.

## IV.  CONCLUSION

For the foregoing reasons, the court should dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3), or, in the alternative, set aside the Clerk's Entry of Default under Fed. R. Civ. P. 55(c).

DATED: March 8, 2016                    SEYFARTH SHAW LLP


                                        By: /s/ Jay W. Connolly
                                            Jay W. Connolly
                                            Aaron Belzer

                                        Attorneys for Defendant
                                        NEOPETS, INC.

25053533v.5

16